UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD WAAS,

    Plaintiff,

v.                                                                                                                         Case No. 14-C-1266

CITY OF NEW HOLSTEIN, et al.,

    Defendants.

**ORDER**

Plaintiff filed a *pro se* action against the City of New Holstein, its mayor, the city attorney, and members of the common council. In his complaint, he cites what he believes are zoning violations being allowed by the City, including the fact that the City allowed a business to build without proper permits or zoning and without the use of variances and public hearings. He also cites three lawsuits he has filed in state court regarding these issues, but "their only response to these legitimate issues has been to ignore them and levy legal fees against me." (ECF No. 1 at 5.)

Although Plaintiff has paid the full filing fee, I nevertheless have discretion to review the complaint to insure that it states a claim and does not amount to harassment and unnecessary expense to others. *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 307–08 (1989). District courts possess the inherent authority to dismiss frivolous lawsuits *sua sponte*, even it the plaintiff has paid the full filing fee and does not request to proceed *in forma pauperis*. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363 (7th Cir. 2000).

To the extent the present lawsuit seeks to challenge the decisions of the state courts, it is

improper. Federal district courts do not have the power to review state court determinations, except in discrete areas like habeas corpus. 28 U.S.C. § 2254. If a loser in state court wants to appeal to federal court, he must appeal to the Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

To the extent Plaintiff wishes to litigate the merits of the claims, these have already been addressed in state courts, which means they are subject to *res judicata*. Finally, even if the claims could be addressed on their merits, the Plaintiff would lack standing. His claims amount to nothing more than an argument that the City is wrongfully applying the zoning code to the property of *others*. In order to have a case or controversy in federal court, a plaintiff must allege that he has been injured himself. There is no indication in the complaint that the Plaintiff was injured due to the county not requiring a variance for someone else's property does not cause injury to this Plaintiff. Accordingly, the action is dismissed.

**SO ORDERED** this 20th day of October, 2014.

   /s William C. Griesbach
William C. Griesbach
United States District Judge